# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 7, 2013 Session

## DAMON HOUSTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No.  08-01235   James C. Beasley, Judge**

---

**No.  W2012-01645-CCA-R3-PC  - Filed August 19, 2013**

---

Petitioner, Damon Houston, was convicted of especially aggravated robbery and sentenced to fifteen years as a Range I, violent offender.  He was unsuccessful on direct appeal to this Court. *State v. Damon Houston*, No. W2010-00399-CCA-R3-CD, 2011 WL 2672015, at *1 (Tenn. Crim. App., at Jackson, Jul. 8, 2011).  Petitioner subsequently filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel, that there were "unconstitutional errors" in the trial process, that his conviction was based on a coerced confession, that his conviction was based on the use of evidence obtained pursuant to an unlawful arrest, and that there was newly discovered evidence.  We have reviewed the record on appeal and conclude that Petitioner has not proven that he was denied effective assistance of counsel.  Furthermore, because of his failure to cite authority and put forth arguments to support his assertions, the remaining issues are waived.  Therefore, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Randall B. Tolley, Memphis, Tennessee, for the appellant, Damon Houston.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Amy P. Weirich, District Attorney General, and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

The victim was robbed at the door of her residence on August 30, 2006, at 4:00 a.m. *Damon Houston*, 2011 WL 2672015, at \*1. During the robbery, she was shot three times, once in her left femur, once under her breast, and once across her chest. *Id.* The perpetrator was not wearing a mask, and the victim was able to see him very well. The victim gave a description of the perpetrator to police. *Id.* The police were unable to find anyone matching the description. Two days later, the victim had returned to her home and saw the perpetrator nearby. She called the police. There was no arrest at that time.

A year after the incident, the victim was remarried and was living elsewhere. She stopped at a convenience store and again saw the perpetrator. *Id.* He was purchasing something at the counter, so she stood behind him. When the perpetrator turned around and saw the victim, he ran out of the store and fled in his car. *Id.* The victim wrote down his license plate number and called the police. As a result of her call to the police, Petitioner was questioned and he confessed to the robbery and shooting. *Id.* at \*2.

Petitioner was indicted by the Shelby County Grand Jury for especially aggravated robbery. *Id.* After a jury trial, Petitioner was convicted as charged. *Id.* at \*3. The trial court sentenced Petitioner to fifteen years as a Range I, violent offender. *Id.* He was unsuccessful on direct appeal. *Id.* at \*1.

On March 22, 2012, Petitioner filed a petition for post-conviction relief. In his petition, Petitioner argued that he was denied effective assistance of counsel, that there were "unconstitutional errors" in the trial process, that his conviction was based on a coerced confession, that his conviction was based on the use of evidence obtained pursuant to an unlawful arrest, and that there was newly discovered evidence.

The post-conviction court held an evidentiary hearing on June 1, 2012. There were two witnesses at the post-conviction hearing, Petitioner and trial counsel. Petitioner was the first witness at the hearing.

Petitioner began by testifying that the main issue in his case was identification. He opined that trial counsel should have objected to the testimony of the assistant district attorney who handled the preliminary hearing. The assistant district attorney in question testified at Petitioner's trial regarding the victim's identification of Petitioner at the preliminary hearing. Petitioner stated that neither trial counsel nor the attorney who

represented him at the preliminary hearing informed him that his identification at the preliminary hearing could be used at trial against him.

Petitioner also testified that trial counsel was ineffective because he did not hire a private investigator. Petitioner stated that he requested that trial counsel hire an investigator during the five or six times he met with trial counsel. In addition, Petitioner claimed that trial counsel was ineffective because he did not collect the surveillance tapes from the banks and stores where the victim's stolen credit cards were used. He also maintained that trial counsel should have run a criminal background check on the victim.

Petitioner stated that he met with trial counsel several times. His trial was reset ten times before he actually went to trial. Petitioner stated that trial counsel gave him a copy of the discovery packet.

Trial counsel was the second witness. He stated that Petitioner was out on bond when he began his representation of him. For that reason, trial counsel stated that Petitioner could come to his office and discuss his case at any time. He also met with Petitioner at his court appearances. Trial counsel testified that he and Petitioner went to investigate the crime scene together. Trial counsel stated that he was surprised when they approached the victim's complex and Petitioner knew the security code to the gate despite telling trial counsel that he was not really familiar with the complex.

Trial counsel acknowledged that he could have objected to the testimony of the assistant district attorney at trial. He stated that she was called to testify about what she had observed at the preliminary hearing. He stated that he cross-examined the assistant district attorney about her employment with the district attorney's office and about the fact that the district attorney's office was prosecuting Petitioner. Trial counsel did not think that the assistant district attorney's testimony would really have any effect on the trial because the victim had identified Petitioner several times and Petitioner had confessed to the crime.

Trial counsel testified that Petitioner's family was very helpful in supplying alibi witnesses. Trial counsel also testified that he interviewed and investigated Brandon Donaldson, who was the individual Petitioner claimed was the mastermind of the robbery. Trial counsel concluded that Mr. Davidson would be of no assistance at trial. For these reasons, trial counsel determined that an investigator would not be necessary for the case.

Trial counsel also testified regarding the surveillance tapes. He stated that Petitioner was not arrested until one and a half years after the incident. Trial counsel began his representation of Petitioner after the preliminary hearing. Trial counsel stated that in his experience, surveillance tapes are only kept for a limited amount of time.

On June 25, 2012, the post-conviction court filed a written order denying the petition. Petitioner appeals the denial of his petition.

## ANALYSIS

On appeal, Petitioner argues that: (1) "he was denied effective assistance of counsel which tainted the proceedings"; (2) "there were unconstitutional errors in the process"; (3) the "conviction was based on use of evidence obtained pursuant to an unlawful arrest"; and (4) "there is newly discovered evidence which demands a new trial." The State disagrees.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

### Ineffective Assistance of Counsel

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record

preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner sets out four claims of ineffective assistance of counsel: (1) failure to object to prosecutorial misconduct; (2) failure to properly advise petitioner as to consequences of pre-trial identification; (3) failure to investigate; and (4) no identification expert.

<u>Prosecutorial Misconduct</u>

Petitioner argues that trial counsel was ineffective because he failed to object to prosecutorial misconduct, consisting of the testimony of the assistant district attorney who represented the State at the preliminary hearing and the statement at trial by the assistant district attorney that the defense witnesses "had stuck to the script."

The assistant district attorney who represented the State at the preliminary hearing was called at trial to testify regarding the victim's in-court identification of Petitioner. Petitioner's trial counsel did not object to the witness. At the post-conviction hearing, he stated that he did not object to the assistant district attorney as a witness because she testified about what she saw in the courtroom. However, the post-conviction court pointed out in its denial of the petition that trial counsel had thoroughly cross-examined the witness. Petitioner's other assertion is that trial counsel did not object to the assistant district attorney's statement that the defense witnesses had "stuck to the script." Trial counsel likewise failed to object to this statement.

On direct appeal to this Court, Petitioner argued that both of these incidents amounted to prosecutorial misconduct. *Damon Houston*, 2011 WL 2672015, at *7. Because trial counsel failed to object, this Court determined that both issues were waived. *Id.* at *8-9. However, this Court also analyzed whether plain error review would be appropriate for these two issues and concluded that it would not. *Id.* For both issues, this Court held that Petitioner could not show that plain error review was necessary to do substantial justice

where "the error was so significant that it probably changed the outcome of the trial." *Id.* at *9. This Court stated that the assistant district attorney's testimony, while troubling, was cumulative because of other identifications made by the victim, Petitioner's confession, and the eyewitness testimony of the victim. *Id.*

In the case at hand, Petitioner must prove both that trial counsel was ineffective and that he was prejudiced by the claimed deficiencies. The same reason that Petitioner could not prove that plain error review was necessary for substantial justice is the same reason that Petitioner cannot prove that he was actually prejudiced by trial counsel's failure to object to these two incidents. We need not determine whether trial counsel's representation was deficient because we have already determined that Petitioner cannot show prejudice.

Petitioner is not entitled to relief on this issue.

### Consequences of Pre-trial Identification

Petitioner also argues that trial counsel was ineffective for not properly advising him of the ramifications of a preliminary hearing and hearing on a motion to suppress. He argues the following in his brief:

> [Petitioner] was never advised by counsel that by having a preliminary hearing, the identification could be used against him at trial. [Petitioner] was never advised that the prosecutor handling the preliminary hearing may testify against him. [Petitioner] was never advised that his identification at the suppression hearing would be used against him at trial. There were no discussions.

Petitioner testified at the post-conviction hearing that he was represented by a different attorney at the preliminary hearing. However, the preliminary hearing attorney was not presented as a witness at the post-conviction hearing. For this reason, we have no evidence, other than Petitioner's bare assertion, as to whether preliminary hearing counsel advised Petitioner about the ramifications of the preliminary hearing. Petitioner has not proven that preliminary hearing counsel was deficient.

Petitioner also argues that trial counsel was deficient in not advising him that the identification of Petitioner at the suppression hearing could be used against him. At the post-conviction hearing, Petitioner testified that trial counsel did not inform him of this fact, and

trial counsel testified that he was not sure if he had informed Petitioner of that fact. Petitioner did not testify as to how this omission was deficient.

Even if we were to assume that preliminary hearing counsel and trial counsel had been deficient, Petitioner cannot prove prejudice. As stated above, the victim identified Petitioner multiple times and Petitioner confessed to the crime. Therefore, even if preliminary hearing counsel was deficient in failing to inform Petitioner that the identifications could be used against him this fact is inconsequential compared to the overwhelming evidence presented at trial.

Because Petitioner cannot prove both prongs as required under *Strickland v. Washington*, 466 U.S. 668 (1984), he is unable to be successful on this issue. Therefore, he is not entitled to relief.

## Failure to Investigate

Petitioner argues that trial counsel erred in failing to investigate who used the credit cards at the banks and convenience stores. He asserts that trial counsel should have presented witnesses and the surveillance tapes. He also argues that trial counsel should have completed a background check on the victim and interviewed Brandon Donaldson.

However, at the post-conviction hearing, Petitioner failed to present any evidence or witnesses to testify regarding what would have been presented at trial regarding who actually used the credit cards, the availability of the surveillance tapes, or whether a criminal background check on the victim would have somehow reduced her credibility. Furthermore, Petitioner did not present Mr. Donaldson as a witness at the post-conviction hearing.

"When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses in the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* Accordingly, even a petitioner who establishes that trial counsel deficiently performed by failing to investigate or call witnesses is entitled to no relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id.* at 757-58.

-7-

Petitioner has merely made assertions that trial counsel should have taken various investigative steps. This is not enough to be successful at post-conviction. Petitioner must present evidence that had trial counsel completed the investigation as he urges, then trial counsel would have discovered helpful information. *Owens v. State*, 13 S.W.3d 742, 756 (Tenn. Crim. App. 1999). Therefore, Petitioner is unable to prove that trial counsel was ineffective or that he was prejudiced by the alleged ineffective assistance of counsel. Therefore, he is not entitled to relief.

## No Identification Expert

Petitioner argues that trial counsel was ineffective in his representation because he did not hire an expert in identification to refute the victim's identification of Petitioner.

Once again, Petitioner did not present an identification expert witness to testify at the post-conviction hearing as to what the expert could have testified at trial. As stated above, "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black*, 794 S.W.2d at 757. Therefore, Petitioner has not proven either prong of *Strickland*. He is not entitled to relief on this issue.

## **Prejudice Issue**

Petitioner argues that "[t]he errors are so egregious in this "close case" of mistaken identity that no showing of prejudice should be required." Petitioner cites *Rickman v. Bell*, 131 F.3d 1150 (6th Cir. 1997), to support his argument. In *Rickman*, the Circuit Court stated that trial counsel had been so deficient as to effectively deny the defendant counsel. *Rickman*, 131 F.3d at 1157. The court also stated that the defendant "would have been better off to have been merely denied counsel" because trial counsel's deficiency was so egregious. According to the *Rickman* court, when trial counsel's "'performance . . . [is] so inadequate that in effect, no assistance is provided a showing of prejudice is unnecessary.'" *Id.* at 1155 (quoting *United States v. Cronic*, 466 U.S. 648, 654 n.11 (1984)).

Even if we were to determine that trial counsel's performance was deficient in the ways set out by Petitioner, Petitioner has failed to show that counsel's deficiencies met the standard set forth in *Rickman*.

## **Failure to Cite to Authority and Include Argument**

Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that a brief shall contain, "[an] argument . . . setting forth the contentions of the appellant with respect

to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that, "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." *See also State v. Sanders*, 842 S.W.2d 257, 260-61 (Tenn. Crim. App. 1992) (determining that issue was waived where defendant cited no authority to support his complaint). With regard to Petitioner's next three arguments, we conclude that waiver applies for failure to cite authority and failure to craft an argument such that this Court can determine what Petitioner is alleging.

### Constitutional Errors

Petitioner argues in his brief that "[t]here were unconstitutional errors in the trial process." The following is Petitioner's argument for this section in its entirety:

> An attorney's "total failure to effectively advocate on behalf of his client . . .' is a constructive denial of counsel requiring no showing of prejudice. Rickman v. Bell[,]131 [sic] F. 3d 1150 (6th Cir. 1997)[.]
>
> Pursuant to the above errors, there were unconstitutional errors in the trial process by letting inadmissible evidence be heard by the jury. This, too, is a Due Process violation.
>
> The Discovery Supplement was not provided to the Defendant until after trial and trial counsel did not discuss all the evidence with him.

(citations to the record omitted).

This argument is so inartfully drawn that we are unable to discern to what inadmissible evidence Petitioner is referring. Furthermore, a statement that trial counsel did not supply the discovery supplement until after trial and did not discuss the evidence with him in no way demonstrates to this Court how Petitioner's due process rights and constitutional rights were violated.

## Conviction Based on Unlawful Arrest

Petitioner's issue in this section consists of attacks on the victim's identification of him in both a photographic lineup and when she saw him at the convenience store a year and a half after the incident. His argument, in its entirety, consists of the following:

> A color photo sheet shown to the victim, the defendant's picture stands out more. This color photo sheet was never shown at trial.
>
> The victim stated a year and a half later she [had] seen the perpetrator at a gas station, she said she recognized the perpetrator at a store, "it was how he look at her" when he walked past. She wrote down the license plate number and gave it to police. It lead to an arrest the following day.
>
> There was no probable cause to arrest this defendant and no motion to suppress the arrest was litigated by defense counsel.

(citations to the record omitted).

Petitioner does not include any citation to authorities or any argument as to why the issue of the victim's identification has violated his constitutional rights. Therefore, this issue is waived.

## Newly Discovered Evidence

Petitioner also argues that there was newly discovered evidence. His argument, in its entirety, is as follows:

> There was an address (5662) in the victim's apartment where the victim told the police the supposed perpetrator, Brandon Donaldson, lived or hung out at.
>
> Discovery was not provided to the defendant until after trial.

The police supplement, not provided prior to trial, revealed the suspect may live in the victim's apartment complex or nearby. The petitioned court relied on the factual error that "if petitioner had such supplement prior to trial, such would not constitute newly discovered evidence."

(citations to the record omitted).

Once again, Petitioner has failed to cite to any authority to support his argument. Furthermore, statements of fact do not constitute argument.

The three previous arguments are all waived for the reasons set out above.

## **CONCLUSION**

For the foregoing reasons, we conclude that the post-conviction court's denial of the petition for post-conviction relief is affirmed.

_____
JERRY L. SMITH, JUDGE